**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose SANTILLANES–BUSTILLOS,**
**Defendant–Appellant.**

**No. 01–2389.**

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 16, 2001.

Decided Oct. 17, 2001.

Before Hon. WILLIAM J. BAUER,
Hon. FRANK H. EASTERBROOK, Hon.
TERENCE T. EVANS, Circuit Judges.

### ORDER

In March 1996 appellant Jose Santillanes–Bustillos was deported from the United States to Mexico because he committed two aggravated felonies. *See* 8 U.S.C. § 1101(a)(43). Sometime thereafter the appellant reentered the United States without obtaining the express consent of the United States Attorney General. Four years later federal authorities located him in a correctional center in Vandalia, Illinois, where he had been incarcerated for retail theft. The appellant pleaded guilty to one count of being present in the United States without permission in violation of 8 U.S.C. § 1326(b)(2). After denying the appellant's request for a downward departure, the district court sentenced him to 77 months' imprisonment to run concurrently with his state sentence, two years' supervised release, and a $100 special assessment. The appellant filed a timely notice of appeal, but his appointed counsel has moved to withdraw under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because she believes there are no nonfrivolous issues for appeal. Pursuant to Circuit Rule 51(b), we notified the appellant that he may respond to his counsel's motion to withdraw, but he failed to do so. We agree with counsel that an appeal would be frivolous and therefore grant her motion to withdraw and dismiss the appeal.

We agree with counsel that an appeal would be frivolous because the appellant waived his right to appeal. Initially, the appellant verbally agreed to plead guilty with the expectation that the terms of the agreement were going to be put into writing. Defense counsel specifically stated that the appellant was giving up the right to appeal during the plea colloquy:

> ... Mr. Santillanes and I can verbally agree and we will put it on the record today what the terms of the agreement are. He is pleading guilty to the indictment, Your Honor, and we're getting a recommendation to the low end and waiving our right to appeal. That is all it says, in effect. There is not any other benefit we're getting out of this.

(App. B, at 3.) Defense counsel later iterated in the plea colloquy that the appellant was waiving his right to appeal. The district court then made sure that the appellant knew that he was giving up his right to appeal:

> THE COURT: Now the plea agreement which they are going to prepare for you will have had in it a waiver of your appeal rights. Even though you went to trial and were convicted by a jury, you would have a right to appeal that jury verdict to a higher Court. If you, in this written plea agreement that you will sign later on, you will waive all of those appeal rights. Do you understand that?

THE APPELLANT: Yes.

(*Id.* at 11.) Although the parties could not agree to the terms of a written agreement, the appellant nevertheless agreed during the sentencing hearing to be bound by the terms of the oral agreement. Oral plea agreements are enforceable, *see, e.g., United States v. Yanez,* 985 F.2d 371, 375 (7th Cir.1993), and the appellant did not move to withdraw his guilty plea. Because the appellant entered into an oral plea agreement in which he agreed to waive his right to appeal, we agree with counsel that any potential appellate issue would be frivolous because this appeal should not have been filed.

Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.